UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL WILKERSON, | No. 2:19-cv-02381 WBS CKD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS |
| FUJINAKA PROPERTIES, LP; FUJINAKA CASTLE, LP; and MONOLITH PROPERTIES, INC., | |
| Defendant. | |

----oo0oo----

Plaintiff Michael Wilkerson filed this action against defendants Fujinaka Properties, LP, Fujinaka Castle, LP, and Monolith Properties, Inc., alleging several federal- and state-law claims for discrimination stemming from defendants' failure to install a handicap lift by the pool in defendants' property. Before the court is defendants' motion to dismiss. (Mot. (Docket No. 9).)

I. Relevant Allegations

Defendants Fujinaka Properties, LP, and Fujinaka

Castle, LP co-own Castle Village Mobile Home Park ("Castle Village"), a mobile home park located in Ione, California. (First Am. Compl. ("FAC") ¶¶ 6, 7 (Docket No. 8).) Defendant Monolith Properties, Inc., manages Castle Village. (Id. ¶ 8.)

In May of 1993, Amador County Health Department granted Castle Village a permit to operate a swimming pool. (Id. ¶ 9.) The pool specifications listed various safety elements that would be included with the installation of the pool, including a "handicap lift." (Id. ¶ 10.) This lift, however, was never installed. (Id.)

In September 2014, plaintiff suffered a stroke that paralyzed the entire left side of his body. (Id. ¶ 11.) In March 2015, plaintiff moved into a mobile home in Castle Village because the home "was accessible for him." (Id. ¶ 12.) The home had a ramp and could accommodate his wheelchair. (Id.)

Plaintiff, however, struggled to get into the pool. (Id. ¶ 13.) He tried twice before realizing it was "too hard and dangerous a task." (Id.) In 2016, plaintiff told management that he was unable to access the pool because of his disability and asked that they install a lift. (Id. ¶ 14.) The park "simply said 'no.'" (Id.) Plaintiff made two additional requests to install a list, but defendants denied both. (Id.) No owner or agent of Castle Village discussed or inquired into possible alternative accommodations that would ensure plaintiff could access the pool. (Id. ¶ 15.) In 2017, plaintiff's left leg was amputated, making it impossible for plaintiff to enter the pool without accommodation. (Id. ¶ 16.)

In March 2019, Castle Village renovated the pool and

installed non-skid tiles on the step, rebuilt the steps to code, and installed an ADA handrail. (Id. ¶ 19.) Castle Village did not install a pool lift. (Id.) After the pool renovation, defendants held an open forum with the residents to air any grievances the residents had. (Id. ¶ 20.) Plaintiff asked that the park do something to make the pool accessible to people with mobility disabilities, such as installing a lift. (Id.) The owners responded that they would not install a lift because they were not obligated to do so. (Id.)

Plaintiff filed suit alleging the following three claims: (1) violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq.; (2) violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq.; and (3) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. Defendants move to dismiss the complaint for failure to state a claim.

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III. Discussion

## A. Federal Fair Housing Act Claim (Count 1)

The Fair Housing Act (FHA) makes it unlawful for a housing provider "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. § 3604(f)(2)(A). Section 3604(3) defines discrimination as "(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises"; "(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"; or "(C) in connection with the design and construction of covered multifamily dwellings . . . a failure to design and construct those dwellings" to the FHA's specifications. 42 U.S.C.A. § 3604(3). Plaintiff proceeds only under § 3604(3)(B) and alleges that defendants discriminated against him because, in refusing to provide a pool lift, defendants "refus[ed] to make reasonable accommodations in rules, policies, practices, or services." (FAC ¶ 25.)

To state a claim of disability discrimination under the FHA, the plaintiff must allege: "(1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an

4

equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." Dubois v. Ass'n of Apt. Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006).

Plaintiff sufficientlypleads a claim under the FHA. Plaintiff alleges that he is handicapped (FAC ¶ 26), that defendants knew of the handicap because plaintiff informed defendants that plaintiff's disability prevented him from accessing the pool (id. ¶ 14), that plaintiff cannot enjoy the pool without accommodation (id. ¶¶ 14, 20), that the accommodation is reasonable (id. ¶ 14), that plaintiff requested a pool lift (id. ¶¶ 14, 20), and that defendants refused to make the requested accommodation (id.).

Defendants argue that plaintiff's request for a pool lift constitutes a "modification" and not an "accommodation" under the statute because it modifies the physical property. (Mot. at 3-6.) However, defendants cite no authority to substantiate this distinction or, if this distinction does exist, to persuade the court that the distinction compels the court to dismiss this claim at this stage. In the Americans with Disabilities Act context, for example, the Ninth Circuit uses the terms "reasonable modification" and "reasonable accommodation" "interchangeably." Wong v. Regents of Univ. of California, 192 F.3d 807, 816 n.26 (9th Cir. 1999). Further, to the extent that a distinction does exist, whether a pool lift is a modification appears to be a question of fact because pool lifts do not necessarily involve physical changes to the premises. (See, e.g., Opp'n at 5 (listing examples of pool lifts) (Docket No.

5

13).) At this stage, the court cannot conclusively determine that a pool lift is not an accommodation as a matter of law or that a refusal to provide a pool lift cannot sustain a claim for discrimination under the FHA as a matter of law. Accordingly, the court will not dismiss this claim.[1]

---

[1] Plaintiff also alleges, under his FHA claim, that defendants failed to engage in an interactive process. (FAC ¶ 28.) Defendants do not appear to contest that plaintiff sufficiently alleges such a failure. There is a split among the courts, however, as to whether the FHA imposes upon landlords an obligation to engage in an interactive process. Compare Jankowski Lee & Assocs. v. Cisneros, 91 F.3d 891, 895 (7th Cir. 1996) ("If a landlord is skeptical of a tenant's alleged disability or the landlord's ability to provide an accommodation, it is incumbent upon the landlord to request documentation or open a dialogue."), with Groner v. Golden Gate Gardens Apts., 250 F.3d 1039, 1047 (6th Cir. 2001) ("[W]hile some courts have imposed an obligation on employers and employees to engage in an interactive process, there is no such language in the Fair Housing Act . . . that would impose such a duty on landlords and tenants."). FEHA, by contrast, explicitly requires an interactive process. See Cal. Gov't Code § 12940(n). Because plaintiff has sufficiently stated a claim for discrimination under the FHA, the court need not determine at this point whether a failure to engage in an interactive process gives rise to an independent claim for disability discrimination under the FHA. Instead, the court agrees with other district courts in the Ninth Circuit and finds that defendants' failure to engage can be relevant to whether they failed to reasonably accommodate plaintiff. See, e.g., Rodriguez v. Morgan, No. CV 09-8939-GW CWX, 2012 WL 253867, at *8 (C.D. Cal. Jan. 26, 2012) ("[T]his Court would not find that the interactive process is a separate requirement under the FHAA. . . . However, a landlord's nonfeasance in that regard can be considered in determining whether he or she failed to reasonably accommodate the tenant's disability/handicap."); Elliott v. QF Circa 37, LLC, No. 16-CV-0288-BAS-AGS, 2018 WL 2933467, at *12 (S.D. Cal. June 12, 2018) ("The Court believes that even if the FHA imposes no affirmative obligation, evidence of a housing provider engaging in an interactive process with a tenant is relevant to the refusal inquiry."); see also Smith v. Powdrill, No. CV 12-06388 DDP RZX, 2013 WL 5786586, at *7 (C.D. Cal. Oct. 28, 2013) ("If Defendants felt that the accommodation imposed unreasonable costs, they were required to engage in an 'interactive process' with Plaintiff to

B. Fair Employment and Housing Act Claim (Count 2)

"The provisions of FEHA . . . protect substantially the same rights as the FHA provisions at issue and are subject to the same analysis." Cabrera v. Alvarez, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013) (citing Walker v. City of Lakewood, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001)). The Ninth Circuit therefore "appl[ies] the same standards to FHA and FEHA claims." Pac. Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1156 n.16 (9th Cir. 2013) (citing Walker, 272 F.3d at 1131 n.8 (9th Cir. 2001)). Accordingly, because the complaint sufficiently alleges a claim for discrimination under the FHA, it also sufficiently alleges one under FEHA. The court therefore will not dismiss this claim.

C. Unruh Civil Rights Act Claim (Count 3)

Plaintiff alleges a violation of Section 51(b) of the Unruh Act.[2] (FAC ¶ 46.) Defendants argue that the Unruh Act bars claims that, like the present claim, "require any construction, alteration, repair, structural or otherwise, or modification of any sort." Cal Civ. Code § 51(d). Plaintiff in turn argues that Section 51(d) does not bar his claim because defendants' failure to install a lift is in violation of the California Code of Regulations. The court agrees with plaintiff.

Section 51(d) reads as follows:

> Nothing in this section shall be construed to require any construction, alteration, repair,

explore alternatives.")

---

[2] Plaintiff does not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into the Unruh Act, Cal. Civ. Code § 51(f). (FAC ¶ 46.)

7

structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

Cal. Civ. Code § 51(d) (emphasis added). The other "provision[] of law" which requires defendants to install a lift is California Code of Regulations § 1044, which applies to "Mobile Home Parks and Installations," and requires that "[a]ll construction . . . be performed in accordance with approved plans and specifications." That provision also prohibits changes, modifications or alterations "without the express prior approval, when possible, of the person or entity which provided the original approvals, and the enforcement agency." Cal. Code Regs. § 1044. According to plaintiff, defendants' failure to install a pool lift when the approved pool plans included one is in violation of that provision.

Defendants contend that the complaint lacks factual support for the allegations that support this claim. Specifically, defendants argue that plaintiff cannot support allegations that defendants submitted construction plans, that defendants owned Castle Village when the construction plans were approved, and that the construction plans were never properly altered, among others. (Reply at 8 (Docket No. 16).) Defendants' arguments challenge the veracity of the complaint, not its sufficiency. Further, defendants do not request judicial

8

notice of any construction plans or documents to establish that plaintiff's allegations are factually incorrect. At this stage, plaintiff alleges with sufficient particularity that defendants submitted construction plans that included a pool lift and that, as a result, the California Code of Regulations is "[an]other provision of law" that requires construction of a pool lift. See Cal. Civ. Code § 51(d). Accordingly, Section 51(d) does not bar plaintiff's Unruh Act claim. Cf. Moore v. Equity Residential Mgmt., L.L.C., No. 16-CV-07204-MEJ, 2017 WL 2670257, at *6 (N.D. Cal. June 21, 2017) (denying motion to dismiss plaintiffs' Unruh Act claim "premised on specific violations of the Building Code pertaining to elevator access and egress from the Property").

In their reply, defendants argue, for the first time, that even if Section 51(d) does not bar plaintiff's claim, plaintiff fails to adequately plead discriminatory intent. (Reply at 9.) Because courts "need not consider arguments raised for the first time in a reply brief," Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007), the court will disregard this argument.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 9) be, and the same hereby is, DENIED.

Dated: April 1, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9